**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| DAVID KISSI, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 26-01186 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 3–5, 8, 12–13, 16, 20 |
| | : | | |
| | : | | |
| EMIL HIRSCH, | : | | |
| | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

## GRANTING DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

*Pro se* plaintiff David Kissi has sued Emil Hirsch for claims principally arising out of litigation surrounding his financial disputes and criminal conviction. Mr. Hirsch has moved to dismiss the complaint pursuant to Rules 12(b)(6), 8(a)(2), and 9(b). For the foregoing reasons, the Court will grant the motion to dismiss.

## II. FACTUAL BACKGROUND

### A. Allegations

As Mr. Kissi is a *pro se* litigant, this Court will draw his allegations from the entirety of the numerous pleadings that he has filed in this case. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151 (D.C. Cir. 2015). The Court also takes judicial notice of filing and court orders in related proceedings involving Mr. Kissi and Mr. Hirsch. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

The majority of Mr. Kissi's allegations relate to decades-old litigation, which occurred out of this district, concerning certain Small Business Administration ("SBA") guaranteed

business loans he secured. *See* Compl. at 1, ECF No. 1. After Mr. Kissi's business, DK&R, defaulted on those loans, the SBA transferred its interest in them to Pramco II, LLC ("Pramco"), who proceeded to attempt to collect on the loans. *See Kissi v. United States*, 493 F.App'x 57, 58 (Fed. Circ. 2012). Mr. Hirsch, a business litigation attorney, was retained by Pramco to institute civil actions against Mr. Kissi and his wife based on personal guarantees they had executed for those loans. *See* Compl. at 1.[1] Eventually, Pramco prevailed on summary judgment, and multiple properties owned by Mr. Kissi were liquidated to satisfy the judgment. *See Kissi*, 493 F.App'x at 58. Concurrent with that litigation, Pramco also filed a complaint against Mr. Kissi and his wife for injunctive relief against what it characterized as Mr. Kissi's "frivolous and vexatious litigation." *See id.* at 59. In that action, the court issued a preliminary injunction, which it later converted into a permanent injunction, restraining Mr. Kissi from filing suits against persons and entities named in the injunction and suits that collaterally attacked the judgments in the litigation concerning his loans. *See* Compl. Ex.1, ECF No. 1-1; *see also* Def.'s Mot. Dismiss. Exs. A, C, ECF No. 13-1.

Almost all of Mr. Kissi's allegations concern perceived defects in the actions Mr. Hirsch participated in as an attorney for Pramco. He claims that Mr. Hirsch, "without any facts or paperwork," "created some number based on his own imagination" and convinced the court to allow Pramco to collect on that number. Compl. at 1. He alleges that Mr. Hirsch failed to provide an affidavit to support Pramco's "demand for debt payment." *Id.* And he alleges that the sale of his loans to Pramco should be voided due to the SBA's mistakes and accounting

[1] These actions are identified as: *Pramco II, LLC v. David Kissi, et al.*, No. 8:02-cv-00042-PJM (D. Md. Jan. 3, 2002); *Pramco II, LLC v. David Kissi, et al.*, No. 8:02-cv-00043-PJM (D. Md. Jan. 3, 2002); and *Pramco II, LLC v. David Kissi, et al.*, No. 8:02-cv-00044-PJM (D. Md. Jan. 3, 2002). *See* Hirsch Decl. at ¶ 9, ECF No. 13-2.

errors. *Id.* at 2. In essence, Mr. Kissi argues that the previous actions, where Mr. Hirsch participated solely as an attorney for Pramco, were faulty and should be overturned by this Court.

Separately, Mr. Kissi challenges his criminal conviction for, among other things, criminal contempt, which arose out of the litigation concerning his loans. *See* ECF No. 16; *see also* Judgment, *United States v. Kissi*, No. AW-05-254 (D. Md. Sept. 10, 2007), ECF No. 163. He claims that Mr. Hirsch refused to submit an affidavit, something, he suggests, Mr. Hirsch was required to submit to support a criminal contempt charge. *See* ECF No. 16 at 3. He also claims that he had ineffective assistance of counsel and that the trial judge in the actions concerning his business loans impermissibly testified against him in the criminal contempt case. *Id.* at 6.

Mr. Kissi also contends that an FBI agent, Thomas Simmons, committed perjury in an affidavit in support of a search warrant for emails, documents, and computers that were in Mr. Kissi's possession. *See* ECF No. 17 at 1. He further alleges that Agent Simmons took 27 cases of documents without a court order, although he later states that Agent Simmons "brought the warrant back later." *See* ECF No. 18 at 4.

Lastly, in a pleading filed after Mr. Hirsch's reply brief, Mr. Kissi alleges that Mr. Hirsch "cashed" a life insurance policy he had purchased. *See* ECF No. 20 at 1. He states that he submitted details about the policy to the SBA when he received a loan. *See id.* Then, 5 years later, he says that the insurance company informed him that the policy was "dead." *Id.* He further describes Mr. Hirsch's alleged conduct towards his life insurance policy as "taking our assets without compensation." *Id.*

### B. Procedural History

Mr. Kissi filed his complaint on April 8, 2026, and has continued to file other motions and papers with the Court since then. On June 26, 2026, Mr. Hirsch moved to dismiss the Complaint under Rules 8(a)(2), 9(b), and 12(b)(6), and moved to strike several of Mr. Kissi's pleadings. *See* ECF Nos. 12, 13. Mr. Kissi subsequently filed a four-part reply to the motion to dismiss and motion to strike. *See* ECF Nos. 15–18.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When analyzing plaintiffs' claims, the Court must 'treat the complaint's factual allegations as true' and 'grant plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)). However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "[i]n deciding a motion to dismiss under Rule 12(b)(6), the Court may take judicial notice of facts litigated in a prior related case." *Fletcher v. U.S. Dep't of Just.*, 17 F. Supp. 3d 89, 93 (D.D.C. 2014).

## IV. ANALYSIS

### A. Anti-Filing Injunction

All of Mr. Kissi's claims in this case are covered by an anti-filing (or pre-filing) injunction in the District Court of Maryland. This Court takes judicial notice of that court order, which bars Mr. Kissi from "instituting any actions or proceedings in any state court or in any

United States court which constitute a collateral attack on any order or judgment" of that court.[2] *See* Prelim. Inj. at 2, *Pramco II, LLC v. David Kissi, et al.*, No. 8:03-cv-02241 (D. Md. Oct 10, 2003), Dkt. No. 53-1. Mr. Kissi was specifically enjoined from "maintaining any legal action against any individual or entity named" in the injunction, which includes Mr. Hirsch. *Id.* at 3–4. As recently as July 12, 2013, the district court in Maryland confirmed that its permanent injunction "remains in effect." Order, *Pramco II, LLC v. David Kissi, et al.*, No. 8:03-cv-02241 (D. Md. Oct 10, 2003), Dkt. No. 376. And the Fourth Circuit has affirmed the Maryland district court's refusal to dissolve the injunction. *See* USCA Judgment at 6, *Pramco II, LLC v. David Kissi, et al.*, No. 8:03-cv-02241 (D. Md. Oct 10, 2003), Dkt. No. 352.

Courts have also explained to Mr. Kissi that he cannot escape the prefiling injunction just by filing in another district, as he has done here. The Eastern District of Virginia found that Mr. Kissi's suit in that court was "in flagrant violation of the orders of the Maryland Federal Court and the injunction entered by Judge Messite in particular," in part because it named defendants covered by the injunction. *Kissi v. Pramco II, LLC*, No. 1:08CV1174 GBL/JFA, 2009 WL 8637883, at *4 (E.D. Va. Mar. 4, 2009), *aff'd*, 401 F. App'x 786 (4th Cir. 2010). When the Fourth Circuit affirmed, it concluded that Mr. Kissi had engaged in "repeated abusive filings" and "enjoined [him] from filing any further actions in this court until this sanction is paid and a district court judge certifies that his claim is not frivolous." *Kissi v. Pramco II, LLC*, 401 F. App'x 786, 787 (4th Cir. 2010) (per curiam) (unpublished).

[2] The permanent injunction, entered on October 26, 2004, incorporated the terms of the court's preliminary injunction. *See* Order, *Pramco II, LLC v. David Kissi, et al.,* No. 8:03-cv-02241 (D. Md. Oct 10, 2003), Dkt. No. 179. Additionally, Mr. Kissi is clearly aware of the injunction given that he attached an incomplete copy of it to his complaint. *See* ECF No. 1-1.

Given that all of Mr. Kissi's claims run against Mr. Hirsch, a party expressly covered by the Maryland injunction, his Complaint must be dismissed for failure to comply with the express terms of the injunction. *See Martin-Trigona v. United States*, 779 F.2d 72, 73 (D.C. Cir. 1985) (affirming the denial of motions for leave to file complaints for failure to comply with the terms of an out of district filing injunction); *Shah v. United States*, No. 22-777-CV, 2022 WL 17747787, at *1 (2d Cir. Dec. 19, 2022) ("Upon receiving Shah's complaint, the District Court properly applied the terms of the injunction to dismiss the case."); *Daker v. Hays Sp Warden*, No. 23-12852, 2026 WL 481937, at *2 (11th Cir. Feb. 20, 2026) (affirming dismissal of a habeas petition for failure to comply with an out of district filing injunction).

To be clear, "[p]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." *GTE Sylvania, Inc. v. Consumers Union of U. S., Inc.*, 445 U.S. 375, 386 (1980). And to the extent that Mr. Kissi challenges the validity of the injunction as having "no meaning in the eyes of the Law," Compl. at 2, this Court is not the proper forum to do so as "[a] federal district court lacks jurisdiction to review decisions of other federal courts." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

**B. Criminal Conviction**

Aside from the injunction itself, which is sufficient to justify dismissing the entirety of this action on its own, all of Mr. Kissi's allegations which do not relate to the litigation in Maryland concerning his loans also warrant dismissal in their own right. Mr. Kissi also seeks to have this Court "reverse or set aside" his criminal conviction. *See* ECF No. 16 at 1. The relief that Mr. Kissi seeks would, in effect, overrule the judgment of the Maryland district court and therefore constitutes an impermissible collateral attack on that conviction. "A federal district

court is not a reviewing court and, thus, lacks subject-matter jurisdiction to review the final determinations of other courts." *Kissi v. United States*, No. CIV.A. 12-1765, 2012 WL 5382898, at *1 (D.D.C. Oct. 31, 2012); *see also Lopez v. Mukasey*, No. CIV.A.08-0717 (CKK), 2008 WL 1985232, at *1 (D.D.C. May 5, 2008) (dismissing petition for lack of subject-matter jurisdiction because the petitioner was challenging his conviction entered by a separate district court).[3]

### C. Allegations concerning FBI Agent Simmons

With respect to Mr. Kissi's allegations of misconduct on the part of FBI agent Simmons, the Court lacks subject-matter jurisdiction over these claims because Mr. Kissi has failed to show that he has standing. "A plaintiff has standing only if he can 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *California v. Texas*, 593 U.S. 659, 668–69, (2021) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). Said injury cannot be "the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41–42 (1976)) (citation modified).

Mr. Kissi attributes Agent Simmon's alleged conduct to Mr. Hirsch by suggesting that Mr. Hirsch is "[a] friend," ECF No. 17 at 2, of Agent Simmons and that they "colluded," ECF No. 18 at 4. However, that contention alone does not plausibly allege that Mr. Hirsch's "action[s] or conduct has caused" the injury Mr. Kissi claims to have suffered. *California v.*

---

[3] Mr. Kissi also details numerous concerns he has with the disposition in a recently decided case he brought in this district. *See* ECF No. 30 at 1–6; *see also Kissi v. Dep't of Just.*, No. 25-CV-3782 (JMC), 2026 WL 1162569 (D.D.C. Apr. 29, 2026), *reconsideration denied,* No. 25-CV-3782 (JMC), 2026 WL 2042281 (D.D.C. July 13, 2026). As noted above, this Court is not an appellate court and the proper recourse for Mr. Kissi in that case is a motion for reconsideration, which that court recently denied, and an appeal to the D.C. Circuit.

*Texas*, 593 U.S. at 670 (2021). Such a "one-step-removed" alleged injury requires guesswork as to how an independent decisionmaker, namely the FBI, exercised its judgment in seeking and executing a search warrant. *Cf. Murthy v. Missouri*, 603 U.S. 43, 57 (2024) ("[W]e have 'been reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment.' (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413 (2013))). Thus, "[w]ithout any more detail regarding [Mr. Hirsch's] actions, the Court cannot plausibly read Kissi's filings to show that the injuries are 'fairly traceable to'" the actions of Mr. Hirsch. *See Kissi v. Dep't of Just.*, No. 25-CV-3782 (JMC), 2026 WL 1162569, at *3 (D.D.C. Apr. 29, 2026) (quoting *Lujan*, 504 U.S. at 560), *reconsideration denied,* No. 25-CV-3782 (JMC), 2026 WL 2042281 (D.D.C. July 13, 2026).

**D. Perjury Allegations**

Mr. Kissi alleges that Mr. Hirsch committed perjury in this action and requests that this Court institute "perjury charges pursuant to 28 U.S.C. § 1746 against" Mr. Hirsch. *See* ECF No. 23 at 1. The most specific allegation Mr. Kissi makes is the conclusory statement that Mr. Hirsch's memorandum in support of his motion to strike "is full of" perjury. *See* ECF No. 18 at 2. This Court cannot charge any individual defendant with perjury, and Mr. Kissi cannot bring a civil claim for perjury under § 1746.[4] *See Kissi v. Sarkodie*, No. CV 23-22852 (MAS) (RLS), 2024 WL 5075580, at *1 n.1 (D.N.J. Dec. 11, 2024). However, even if this Court could do so,

[4] 28 U.S.C. § 1746 outlines the way unsworn declarations can be given under penalty of perjury. To the extent that Mr. Kissi is trying to make a claim under 18 U.S.C. §§ 1621, 1622, which criminalize perjury and the subornation of perjury, instead, his claim also fails because neither of those statutes provides a private cause of action either. *See LaBoy v. Zuley*, 747 F. Supp. 1284, 1289 (N.D. Ill. 1990) ("As criminal statutes, § 1621 and 1622 do not provide a private cause of action.").

Mr. Kissi has provided no factual material that would lead the Court to reasonably believe that Mr. Hirsch has committed any misconduct.

### E. Allegations Concerning Mr. Kissi's Health Insurance Policy

Mr. Kissi alleges that Mr. Hirsch "cashed" a life insurance policy that he had purchased from Connecticut Mutual, which named his wife as the beneficiary. *See* ECF No. 20 at 1. The only other factual matter related to this allegation that Mr. Kissi provides is that he shared paperwork concerning the policy with the SBA and that he was later told by the insurance company that the policy was "dead." *See* ECF No. 20 at 1. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, but the totality of the information that Mr. Kissi provides does nothing more than "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* The Court is left to speculate as to how Mr. Hirsch came into possession of Mr. Kissi's insurance policy; how Mr. Hirsch was able to convince Connecticut Mutual to pay it out to him; and how Mr. Kissi came to know that Mr. Hirsch had received a payout from the policy. Put simply, Mr. Kissi has failed to provide enough detail concerning this allegation to present "a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

### F. Motion to Recuse

Mr. Kissi has moved to recuse Judge Walton. *See* ECF No. 3. Given that Judge Walton is not presiding over this case, the Court denies that motion.

## V. CONCLUSION

For the foregoing reasons, Mr. Hirsch's motion to dismiss (ECF No. 13) is **GRANTED**, and Mr. Kissi's complaint (ECF No. 1) is **DISMISSED** without leave to amend. Mr. Kissi's motion to recuse Judge Walton (ECF No. 3) is **DENIED**. Mr. Kissi's motion for leave to

proceed *in forma pauperis* (ECF No. 4), motion for summary judgment (ECF No. 5), motion for alternative dispute resolution (ECF No. 8), motion for order (ECF No. 16), and motion for an order to compel discovery (ECF No. 20) are **DENIED** as **MOOT**. Additionally, Mr. Hirsch's motion to strike (ECF No. 12) is **DENIED** as **MOOT**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: August 26, 2026

RUDOLPH CONTRERAS
United States District Judge